## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

|  |  |
|---|---|
| DONNA J. FEATHER,<br>413 Halsey Road<br>Annapolis, MD 21401<br><br>Plaintiff,<br><br>v.<br><br>GILBANE BUILDING COMPANY<br>7901 Sandy Spring Road, Suite 500<br>Laurel, MD 20707<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

This case involves violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Plaintiff brings this action to remedy these violations and seeks back pay, front pay, compensatory damages, attorneys' fees, costs, liquidated damages, and other equitable relief this Court deems appropriate. Donna J. Feather ("Plaintiff"), by her attorney, Denise M. Clark, alleges as follows:

### JURISDICTION AND VENUE

1. The United States District Court for the District of Maryland may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), because the claim arises under the laws of the United States.

2. Venue is properly within the District of Maryland pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2), because Defendant is located in Maryland and the actions and omissions

giving rise to the claim set forth herein occurred in this judicial district (Plaintiff was employed in the District of Maryland at the time of the illegal actions set forth herein).

## PARTIES

3. Plaintiff is a citizen of the United States and resides in Annapolis, Maryland.

4. Defendant Gilbane Building Company ("Defendant"), a corporation, conducts business in the State of Maryland.

5. At all times relevant, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

6. Defendant is an "employer" within the meaning of the FMLA because it maintains fifty (50) or more employees within a 75 mile radius.

## FACTUAL ALLEGATIONS

7. Plaintiff was hired by Defendant to work as a consultant and in January 2009, and continuously worked forty hour weeks during the course of her employment.

8. In the spring of 2011, Plaintiff was offered and accepted the position of quality manager which she fulfilled along with her consultant position.

9. Plaintiff continuously received positive performance evaluations throughout her employment.

10. On September 14, 2011, Plaintiff's mother suffered injuries after a severe car accident and was hospitalized due to her injuries.

11. On Saturday, June 16, 2012, Plaintiff's mother was discharged to home.

12. Upon being discharged from the hospital, Plaintiff's mother had significant care requirements under her doctor's regimen of continuing treatment.

13. On Monday, June 18, 2012, upon returning home from work, Plaintiff became aware that her mother's significant care requirements would necessitate Plaintiff's assistance.

14. On June 19, 2012, Plaintiff spoke with the Director of Human Resources, Kelly Rosenthal, to request leave under FMLA to care for a parent suffering from a serious health condition. Specifically, Plaintiff asked to take reduced hours by taking two days of FMLA leave per week in order to help care for her mother.

15. On June 19, 2012, Plaintiff sent an e-mail to Director of Transition Planning Management, Carolyn Pfude, Operations Manager, Teri Boteler, and her project leader, Glen Barton, regarding her need for reduced hours due to her leave under FMLA.

16. After Plaintiff orally requested to take leave under FMLA, the Human Resources Generalist sent her paperwork for her and a physician to complete, which she was told needed to be returned by July 5, 2012.

17. Plaintiff verbally requested a meeting with Teri Boteler to discuss her request for protected leave under FMLA in order to care for her mother. As a result, a meeting was scheduled by Teri's assistant, Tina, for June 27, 2012, after Tina returned from vacation.

18. Plaintiff anticipated that Teri Boteler would be at the June 27, 2012 meeting, and that Glen Barton might be at the meeting as well.

19. On June 27, 2012, Plaintiff arrived for her scheduled meeting where Teri Boteler and Kelly Rosenthal were present.

20. On June 27, 2012, during the meeting Plaintiff again requested to discuss her protected leave, Teri Boteler terminated Plaintiff, telling her that she was being terminated due to a Reduction-in-Force ("RIF").

21. Prior to her meeting with Defendant on June 27, 2012, Plaintiff was never informed to that there was going to be a RIF.

22. At the time of Plaintiff's termination, Plaintiff was not aware that Defendant terminated any other employees.

23. On information and belief, at the time of Plaintiff's termination Defendant had terminated only one other employee.

24. On June 27, 2012, Plaintiff was required to execute an Employee Separation Form, which Kelly Rosenthal filled out.  Teri Boteler and Kelly Rosenthal signed the Employee Separation Form, and included in the comment section of the form that Plaintiff is eligible for re-hire.

25. On information and belief, Defendant has been recruiting for new employees for positions similar, and has been since even during the time period that Plaintiff was terminated.

26. On information and belief, Plaintiff is qualified for at least one of the jobs that Defendant is been recruiting for.

## COUNT ONE: INTERFERENCE UNDER FMLA

27. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

28. On Saturday, June 16, 2012, Plaintiff's mother was discharged from the hospital.

29. On Monday, June 18, 2012, Plaintiff went to work as scheduled.

30. On Monday, June 18, 2012, upon returning home from work, Plaintiff became aware that her mother's significant care requirements would necessitate Plaintiff's assistance.

31. The following day, on Tuesday, June 19, 2012, Plaintiff notified the Director of Human Resources of her need to take leave under the FMLA so that she could provide required assistance to her mother due to her mother's medical condition.  Specifically, Plaintiff requested to work three days per week instead of five days per week.

32. Following her request for FMLA leave to the Director of Human Resources, Plaintiff sent an e-mail to Director of Transition Planning Management, Carolyn Pfude, Operations Manager, Teri Boteler, and her project leader, Glen Barton, informing them of the need to take leave under FMLA.

33. Plaintiff verbally requested a meeting with Teri Boteler to discuss her leave under FMLA, which was scheduled for July 27, 2012.

34. At Plaintiff's July 27, 2012 meeting with Teri Boteler, the Director of Human Resources, Kelly Rosenthal, attended and terminated Plaintiff's employment, thus interfering with her FMLA benefits by preventing her from taking such leave.

35. Due to Defendant's interference with Plaintiff's FMLA rights by terminating Plaintiff's employment after she requested protected leave, Plaintiff is entitled to injunctive relief, equitable relief, back pay, liquidated damages, and reasonable attorneys' fees and costs.

## COUNT TWO: RETALIATION UNDER FMLA

36. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

37. On June 19, 2012, Plaintiff made a verbal request to the Director of Human Resources for leave under FMLA, in which she asked to temporarily reduce her hours to three days per week in order to care for a parent suffering from a serious health condition.

38. Plaintiff requested a meeting with a supervisor, Teri Boteler, to discuss her request for protected leave under FMLA, and as a result, a meeting was scheduled on June 27, 2012.

39. On June 27, 2012, during the meeting Plaintiff requested to discuss her protected leave, Kelly Rosenthal terminated Plaintiff, telling her that she was being terminated due to a RIF.

40. Defendant had not previously told Plaintiff of the planned of workforce reductions during the calendar year.

41. Due to Defendant's retaliation by terminating Plaintiff after she requested protected leave under FMLA, Plaintiff is entitled to injunctive relief, equitable relief, back pay, liquidated damages, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

42. Award Plaintiff compensatory damages, including back pay, front pay;

43. Award Plaintiff liquidated damages for Defendant's willful violation of the FMLA;

44. Award Plaintiff reasonable attorneys' fees as well as the costs of this action; and

45. Award such other relief as this Court deems necessary and proper.

Dated:  August 30, 2012

Denise M. Clark (17385)
The Law Office of Denise Clark, PLLC
1250 Connecticut Ave, NW Suite 200
Washington, DC 20036
(202) 293-0015 (office)
(202) 293-0115 (facsimile)
dmclark@benefitcounsel.com