IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNA J. FEATHER,                           )
                                            )
                    Plaintiff,              )
                                            )
V.                                          )   C.A. NO. 8:12-CV-02633-DKC
                                            )
GILBANE BUILDING COMPANY,                   )
                                            )
_____Defendant._____ )

## ANSWER

Defendant Gilbane Building Company ("Defendant"), through undersigned counsel, does hereby respond to the allegations in the Complaint filed by Plaintiff Donna J. Feather ("Plaintiff") as follows:

### INTRODUCTORY PARAGRAPH

Admitted that Plaintiff seeks various forms of recovery under the Family and Medical Leave Act ("FMLA"), and is represented by counsel.  Except as specifically admitted, denied.

### JURISDICTION AND VENUE

1. Admitted that jurisdiction is proper.

2. Admitted that venue is proper.

### PARTIES

3. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3, and, therefore, these allegations are denied.

4. Admitted.

5. The allegations contained in paragraph 5 are legal conclusions to which no response is required.  To the extent any further response is required, denied.

6.  The allegations contained in paragraph 6 are legal conclusions to which no response is required.  To the extent any further response is required, denied.

## FACTUAL ALLEGATIONS

7.  Admitted that Plaintiff was hired by Defendant on or about January 19, 2009, as a Senior Transition Project Manager, and generally worked 40 or more hours for Defendant during her employment.  Except as specifically admitted, denied.

8.  Admitted that, beginning in December of 2011, Plaintiff began to spend half her time performing Quality Manager duties due to a general down-turn in work available within her division.  Except as specifically admitted, denied.

9.  Denied.

10.  Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10, and, therefore, these allegations are denied.

11.  Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11, and, therefore, these allegations are denied.

12.  Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12, and, therefore, these allegations are denied.

13.  Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13, and, therefore, these allegations are denied.

14. Admitted that, on or about July 19, 2012, Plaintiff met with Ms. Rosenthal to discuss the potential care of Plaintiff's mother, and that the possibility of leave under the FMLA was discussed, as was the possibility of Plaintiff working half time or having two days off per week.  Except as specifically admitted, denied.

15. Admitted.

16. Admitted that Defendant provided Plaintiff with paperwork under the FMLA for her and her physician to complete.  Except as specifically admitted, denied.

17. Admitted that a meeting was scheduled for June 27, 2012.  Except as specifically admitted, denied.

18. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18, and, therefore, these allegations are denied.

19. Admitted.

20. Admitted.

21. Denied.

22. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22, and, therefore, these allegations are denied.

23. Denied.

24. Admitted that Defendant offered Plaintiff an Agreement and General Release.  Except as specifically admitted, denied.

25. Denied.

26. Denied.

## COUNT I: INTERFERENCE UNDER FMLA

27. Defendant refers to and incorporates by reference paragraphs 1-26 of this Answer.

28. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28, and, therefore, these allegations are denied.

29. Admitted.

30. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30, and, therefore, these allegations are denied.

31. Admitted that, on or about July 19, 2012, Plaintiff met with Ms. Rosenthal to discuss the potential care of Plaintiff's mother, and that the possibility of leave under the FMLA was discussed, as was the possibility of Plaintiff working half time or having two days off per week. Except as specifically admitted, denied.

32. Admitted.

33. Denied.

34. Denied.

35. Denied.

## COUNT II: RETALIATION UNDER FMLA

36. Defendant refers to and incorporates by reference paragraphs 1-35 of this Answer.

37. Admitted that, on or about June 19, 2012, Plaintiff met with Ms. Rosenthal to discuss the potential care of Plaintiff's mother, and that the possibility of leave under the FMLA was discussed, as was the possibility of Plaintiff working half time or having two days off per week. Except as specifically admitted, denied.

38. Admitted that a meeting was scheduled for June 27, 2012.  Except as specifically admitted, denied.

39. Admitted.

40. Denied.

41. Denied.

## PRAYER FOR RELIEF

42. Denied that Plaintiff is entitled to any award of damages.

43. Denied that Plaintiff is entitled to any award of liquidated damages.

44. Denied that Plaintiff is entitled to recovery of attorney fees and costs.

45. Denied that Plaintiff is entitled to any relief.

## FURTHER DENIALS AND DEFENSES

Defendant further responds to Plaintiff's Complaint by stating that any allegation not specifically admitted herein is denied and, without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant states the following further defenses.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Court lacks jurisdiction over the subject matter of the Complaint to the extent that Plaintiff has failed to satisfy each and every procedural prerequisite of her claims.

## THIRD DEFENSE

Plaintiff's claims are time-barred in whole or in part by applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiff is barred from recovering damages to the extent that she has failed to mitigate her damages.

## FIFTH DEFENSE

Plaintiff is not entitled to punitive damages, to the extent that such damages are sought, because Defendant did not act with malice or with reckless indifference to Plaintiff or her rights, and at all times, *inter alia,* made good faith efforts to prevent retaliation in the workplace and to act in conformity with the Family and Medical Leave Act ("FMLA").

## SIXTH DEFENSE

All actions of Defendant in this matter were taken in good faith and for legitimate, non-non-retaliatory reasons.

## SEVENTH DEFENSE

Although Defendant denies that retaliated against Plaintiff in any way, or otherwise violated the FMLA, to the extent that it is determined that an impermissible motive may have been a factor in any decision regarding Plaintiff, which is denied, the same decision would have been reached based upon legitimate and non-retaliatory business reasons, and Plaintiff was treated the same as she would have been if she had not taken leave under the FMLA.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any illegal and/or retaliatory conduct and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise.

## NINTH DEFENSE

Defendant reserves the right to assert and/or rely upon any other affirmative and/or further defenses established throughout the course of discovery

WHEREFORE, having answered Plaintiff's Complaint, Defendant respectfully requests that the Court enter judgment in favor of Defendant, dismiss all claims against Defendant with prejudice, award Defendant its costs and reasonable attorneys' fees, and allow Defendant such other and further relief as the Court may deem just and proper.

FOR DEFENDANT:

/s/ Robert R. Niccolini
Robert R. Niccolini, Bar No. 24873
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
1909 K Street NW, Suite 1000
Washington, DC  20006
202.887.0855

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 1, 2012 the foregoing Answer to Complaint was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Denise M. Clark
The Law Office of Denise Clark, PLLC
1250 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036

                                          /s/
                          ROBERT R. NICCOLINI